———o◦•———

## KING v. HAMPTON.

An award is valid under an agreement to have it returned to a justice of the peace for judgment upon the award; although the district court is the more appropriate tribunal. Such an award may be pleaded in bar to an action upon the same subject matter.

### *Appeal from Linn District Court.*

*Opinion by* GREENE, J. Cyrus King, commenced this suit against S. B. Hampton, to recover damages for a

King *v.* Hampton.

fraudulent sale of land. Defendant pleaded an arbitration and award in bar to the action. To this, plaintiff demurred, and the demurrer was overruled. It is objected that the court erred in this ruling, on the ground that the arbitration was not conducted in strict conformity to the Code; that the award should be returned to the district court, and not to a justice of the peace, as designated in the agreement. We think this provision in the agreement to arbitrate will not invalidate the award. It is still binding upon the parties and could be enforced under the Code. The fact that the parties agreed to have it returned to a justice's court, would not affect the right of the district court to control the proceedings, and enforce the award, Code, § 2115, even if a justice of the peace had no authority to render judgment upon the award. The parties in their agreement are to name the court by which judgment is to be rendered, Code § 2099. Nor are they limited in this selection to the district court, still that is doubtless, the more appropriate tribunal to render judgment upon an award.

Besides, we have no doubt the present award is good and could be enforced at common law; and as it comprises the subject matter for which redress is sought by plaintiff's petition, it was appropriately pleaded in bar to the action.

We conclude then, that the court did not err in overruling the demurrer.

Judgment affirmed.

*I. M. Preston,* for appellant.